UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MAURICE GIBBS (#83025)                                CIVIL ACTION

VERSUS

CHRISTINE LACOUR, ET AL.                              NO. 12-0423-SDD-RLB

### RULING

This matter is before the Court on the Order to the plaintiff to pay the full amount of the Court's filing fee. Rec.doc.no. 16.

On May 29, 2013, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court vacated the prior grant of authorization to the plaintiff to proceed in forma pauperis herein and ordered him to pay, within 21 days, the full amount of the Court's filing fee. Rec.doc.no. 16. The plaintiff was placed on notice that a failure to comply with the Court's Order "shall result in the dismissal of the plaintiff's action without further notice from the Court." Id.

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee. This statute further provides that, with one exception, an inmate may make the required payment over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the inmate has filed, on at least three prior occasions, actions or appeals which have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court vacated the prior grant of authorization to the plaintiff to proceed in forma pauperis and directed him to pay the full amount of the Court's filing fee.[2] A review of the record by the Court now reflects that the plaintiff has failed to pay the filing fee as ordered. Accordingly, the plaintiff's action is subject to dismissal for failure to pay the Court's filing fee.

**IT IS ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 3 day of July, 2013.

SHELLY D. DICK
UNITED STATES DISTRICT JUDGE

---

1. See, e.g., Maurice Gibbs v. Richard Stalder, et al., Docket No. 96-31065 (5th Cir. 1997), wherein the United States Court of Appeals for the Fifth Circuit noted that "[o]n at least 3 prior occasions Gibbs had brought in a U.S. Court an action or appeal that was dismissed as frivolous ... [and] [a]ccordingly, may not proceed IFP in any civil action or appeal filed while he is in prison unless he 'is under imminent danger [sic] serious physical injury.'"

2. The Court has previously determined that the allegations of the plaintiff's Complaint do not meet the "imminent danger" exception contained within 28 U.S.C. § 1915(g). See rec.doc.no. 16 at note 2.